```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/16/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ANTHONY CROTHERS,                               :
                                                :
                        Plaintiff,              :
                                                :   13-CV-4060 (VEC)(KNF)
                -against-                       :
                                                :   ORDER
CAROLYN W. COLVIN, Acting Commissioner,         :
Social Security Administration,                 :
                                                :
                        Defendant.              :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Anthony D. Crothers ("Plaintiff") brought this action appealing the denial of his application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. §§ 401-434 and Supplemental Security Income ("SSI") pursuant to 42 U.S.C. §§ 1381-1385 by the Social Security Administration (the "SSA"). The parties cross moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 12, Dkt. 22. Plaintiff also moved for an order approving his contingent fee arrangement with his counsel in the amount of 25% of total past due benefits under 42 U.S.C. § 406(b) and awarding him reasonable attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). On February 3, 2015, Magistrate Judge Fox issued a Report and Recommendation ("Report") recommending that Crothers' motion be granted in part and that his case be remanded to the SSA for further proceedings. Dkt. 30. The Report recommended that Plaintiff's request for approval of attorneys' fees and the Commissioner's motion be denied. *Id.* at 17. Neither party objected. For the reasons stated below, the Report is adopted as to the parties' cross motions for judgment on the pleadings. The Plaintiff's request for attorneys' fees is denied without prejudice to renew it with a proper application.

**STANDARD OF REVIEW**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)).

When reviewing a final decision of the Commissioner of Social Security, the Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quoting 42 U.S.C. § 405(g)). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (Sotomayor, J.) (internal citations omitted). Relevant here, failing to affirmatively develop the administrative record and failing to comprehensively set forth "good reasons" for not giving controlling weight to a treating physician's opinion are both legal errors. *See Moran v. Astrue*, 569 F.3d 108 (2d Cir. 2009); *Burgess v. Astrue*, 537 F.3d 117, 129, 132 (2d Cir. 2008).

**DISCUSSION**

Judge Fox recommended the Commissioner's decision be reversed and the case be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) because (1) the

2

Administrative Law Judge ("ALJ") failed to fully develop the record when he failed to obtain a complete treatment report from a three-month "wellness plan" administered by Federation Employment Guidance Services ("FEGS")[1]; and (2) failed to assign any weight to Plaintiff's treating physician's report, which is entitled to "controlling weight" unless the ALJ provides a detailed explanation of "good reason" to discount that weight, 20 C.F.R. § 404.1527(d)(2). Dkt. 30 at 13-15, 17. Upon due consideration, and after review of Magistrate Judge Fox's Report, the Report is ADOPTED as to the parties' cross motions for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is GRANTED, the Commissioner's decision is REVERSED, and the matter is remanded to the Commissioner for further proceedings consistent with the Report.

Plaintiff's notice of motion for judgment on the pleadings requested an order "[a]pproving the contingent fee arrangement between plaintiff and [his] counsel under 42 U.S.C. § 406(b) and awarding plaintiff reasonable attorney's fees pursuant to" EAJA. Dkt. 12 ¶ 2. Plaintiff did not submit the contingent fee arrangement for the Court's approval and did not address this request in his memoranda in support of his motion. Judge Fox correctly pointed out that Plaintiff failed to make any argument or citation to binding authority to establish that he is entitled to fees under EAJA or the Social Security Act and recommended denying Plaintiff's request. Dkt. 30 at 17.

A prevailing party seeking an award of fees under EAJA has 30 days from the entry of a final judgment to submit an application for fees, 28 U.S.C. § 2412(d)(1)(B), and an order reversing the Commissioner's decision and remanding for further proceedings is a final judgment "*for* the plaintiff," *Shalala v. Schaefer*, 509 U.S. 292, 299-302 (1993) (emphasis in original).

---

[1]  The copy of the report Plaintiff submitted contained only odd-numbered pages.

The Court therefore denies Plaintiff's motion for attorneys' fees under EAJA and for approval of his contingent fee agreement with his counsel under the Social Security Act without prejudice to Plaintiff's ability to renew his motion supported by a proper application.

## CONCLUSION

Defendant's motion, Dkt. 22, is DENIED.  Plaintiff's motion, Dkt. 12, is GRANTED in part and DENIED in part.  The Clerk of the Court is respectfully directed to enter judgment in Plaintiff's favor and to terminate the case.

**SO ORDERED.**

Date:  March 16, 2015  
       New York, NY

**VALERIE CAPRONI**  
**United States District Judge**